REGAN, Judge.
Plaintiff, Irvin C. Plerbert, instituted this suit against the defendant, American General Insurance Company, the insurer of plaintiff’s former employer, W. S. Bellows Construction Corp., endeavoring to recover maximum workmen’s compensation for an injury he sustained while in the course and scope of his employment as a construction laborer, which rendered him totally and permanently disabled from performing work of a similar character. In explanation thereof plaintiff asserted that he was injured when he fell a distance of four stories into an elevator shaft. He further requested the imposition by this court of statutory penalties and attorney’s fees.
The defendant answered, admitting the occurrence of the accident; however, it asserted that the plaintiff had completely recovered therefrom a short time thereafter and was therefore not entitled to compensation.
From a judgment in favor of the defendant dismissing plaintiff’s suit, he has prosecuted this appeal.
The record reveals that on November 8, 1960, the plaintiff was employed as a common laborer on the roof of the new Federal Building where he was engaged in pouring concrete. Material for the job was transported on a construction elevator to the roof. Plaintiff was removing a wheelbarrow full of concrete from the elevator when it suddenly dropped, causing him to fall down the shaft to the top of the elevator. Although it is disputed whether he fell 15 feet before striking the descending elevator or a distance of four stories, it is conceded that he was injured as a result thereof; therefore, no useful purpose would be served by endeavoring to reconcile this rather irrelevant fact.
Plaintiff was removed to the Flint-Good-ridge Hospital, where emergency treatment was administered. On the following day, he was discharged therefrom. During the ensuing two weeks he was treated in the offices of Dr. William Roy, a general surgeon. Thereafter, he was instructed to return to work, and his employer assigned him to lighter duties, which consisted of sweeping and polishing floors. He remained so employed until August 18, 1961, when his job was terminated; however, on one occasion, prior thereto, he was requested to pour concrete, but he complained that his back hurt and accordingly was returned to lighter work. Plaintiff related that he was discharged on the above date because he was unable to perform the heavy work required of a laborer; however, the defendant pointed out that plaintiff’s job terminated because the building was almost completed. The record reflects that plaintiff was not the only laborer discharged in August of 1961, but that a general layoff occurred at that time.
It has been stipulated, by respective counsel, that the plaintiff was injured as a result of this accident and that he received wages, in lieu of compensation, until August 18, *629 1961. The dispute here involves only the period of disability, which the defendant insists terminated within three to six months after the accident, or prior to his discharge in August of 1961.
In determining the period of disability, we are relegated, as usual, to an evaluation of the most credible expert medical testimony, inscribed in the record.
Dr. Edward T. Haslam, an orthopedist, appeared on behalf of the plaintiff. He initially examined the plaintiff on July 6, 1961, and concluded that he had incurred a back sprain as a result of the accident. Plaintiff’s complaints of pain, he said, were supported by objective physical findings particularly slight to moderate muscle spasm, lumbosacral tenderness and tenderness in the buttocks region. He ordered X-rays, which reflected no bone or j oint changes resulting from the trauma, but they did indicate degenerative arthritic changes. He reasoned that the arthritic condition, while not aggravated by the trauma, was possibly responsible for prolonging the effects of the back sprain. •
Dr. Haslam again examined plaintiff on October 19, 1961 and found substantially the same condition, which, he believed precluded plaintiff from performing heavy manual labor.
His final examination of the plaintiff occurred on May 22, 1962, and he related that he found no limitation of motion or muscle spasm in the plaintiff’s lower back. This was several days before the trial, hereof, and at this time he was of the opinion that the plaintiff could return to his former occupation as a common laborer.
The other medical witness who appeared on plaintiff’s behalf was Dr. Blaise Salatich, who examined him one time, and that was on December 4, 1961. Dr. Salatich concluded that he had incurred a “crushing type back injury involving the ligamentus and musculofascial sections of the lumbo-sacral region, subsided, with residual dis-function and low back pain”. It was his opinion that the plaintiff was disabled from performing heavy manual labor.
It is extremely significant to us, as judges, who not only desire, but actually require, the help of credible and qualified medical experts to enable us to deal justly with the miseries of human beings resulting from industrial accidents, to emphasize that Dr. ■Salatich, without the benefit of another examination before the trial hereof, ventured as an opinion, which was predicated upon an examination of the plaintiff made 5']/2 months prior thereto, that he was still disabled when the trial actually occurred.
We feel compelled to make the foregoing observation in view of the fact that plaintiff’s other medical expert, Dr. Haslam, found only slight disability two months months before Dr. Salatich examined plaintiff and found no disability immediately prior to the trial.
In order to rebut the foregoing medical evidence inscribed in the record, the defendant requested the appearance of two experts, that is, the treating physician and an orthopedist who was used as a consultant by him.
Dr. William A. Roy treated plaintiff in the emergency room of the Flint-Goodridge Hospital on the day he was injured and discovered abrasions on the left leg, left lumbar area, left buttocks and right elbow. Plaintiff was permitted to leave the hospital the following day and Dr. Roy administered physiotherapy in his offices between November 10 and November 22, 1960. Plaintiff then returned to the job, where he performed lighter duties. Dr. Roy stated that the plaintiff visited his office during December complaining of pain, since he could not relate clinical findings to this complaint he referred him to Dr. George Berkett, an orthopedist, who, as we have said, acted in the capacity of a consultant. Dr. Roy said he treated the plaintiff at various times until February 16, 1961, and that he still complained of pain. However, he could find nothing to confirm the complaint. On cross examination Dr. Roy asserted that he felt that the plaintiff was malingering be *630 cause he grunted and groaned when various tests were being made, which significantly indicated that there existed no actual cause for complaint. Therefore, he discharged him as fully able to return to the occupation of a heavy manual laborer.
Dr. George Berkett, who initially examined the plaintiff on December 16, 1960, stated that this examination revealed that he had incurred a low back injury. He said that the plaintiff had a limitation of motion in this region. At this time he advised the plaintiff to engage in strenuous abdominal and back exercises.
He examined plaintiff for the second time on June 21, 1961 and found that the defendant had an excellent range of motion, although he complained of a slight discomfort. It was his opinion then that the plaintiff had recovered completely from the industrial injury and could return to his former occupation as a common laborer. This was two months before he was discharged from his job as a laborer.
Dr. Berkett said he examined the plaintiff the third time several days before the trial and was convinced that he incurred no disabling back injury, despite the fact that plaintiff persistently complained of pain. He believed that the complaints were inconsistent with his objective findings.
Predicated on the foregoing testimony, the trial judge was of the opinion that the medical evidence preponderated to the effect that the defendant was not disabled when he was discharged as a laborer in August of 1961.
We have carefully reviewed the record and as a result thereof we are fully in accord with the conclusion reached by the trial court.
The record reveals discrepancies in the plaintiff’s account of the accident, which are significant only insofar as they relate to his credibility. In a statement prepared several days after the accident, he explained that he fell 10 to IS feet before landing upon the top of the descending elevator. On the trial hereof, he insisted that he fell a distance of three or four floors.
This inconsistency lends some support to the conclusions reached by Drs. Roy and Berkett, who thought that he was a malingerer and therefore was untruthful, in that he exaggerated his complaints of pain.
In any event, the medical evidence, in our opinion, establishes with that certainty required by law, that the plaintiff had fully recovered from his back sprain before his job was'terminated and, therefore, is not entitled to compensation.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.