**J. G. ALEXANDER, Appellant,**

v.

**Gerald B. LEAVEY, Deputy Commissioner, Southern Stevedoring & Contracting Co. and Texas Employers' Insurance Association, Appellees.**

No. 23248.

United States Court of Appeals Fifth Circuit.

Dec. 28, 1966.

Rehearing Denied Jan. 27, 1967.

W. Jiles Roberts, Houston, Tex., for appellant.

Royston, Rayzor & Cook, Houston, Tex., of counsel, for appellees Southern Stevedoring & Contracting Co. and Texas Employers' Ins. Ass'n.

E. D. Vickery, John Teed, Houston, Tex., Woodrow Seals, U. S. Atty., William B. Butler, Jack Shepherd, James R. Gough, Asst. U. S. Attys., Charles Donahue, Sol. of Labor, Alfred H. Myers, George M. Lilly, Attorneys, U. S. Department of Labor, of counsel, for appellee Leavey.

Before TUTTLE, Chief Judge, and AINSWORTH and DYER, Circuit Judges.

PER CURIAM.

In this suit under the Longshoremen's and Harbor Workers' Act, plaintiff-appellant made claim for partial and permanent disability by reason of physical injury. He argues that the findings of the Deputy Commissioner are not adequate to support an award denying compensation for partial-permanent disability and are not in conformity with law because specific findings as to the matters at issue were not made before entering the Deputy Commissioner's award; therefore, that neither the district court nor this Court is in a position to determine whether the Deputy Commissioner has properly applied the law.

We disagree. The Deputy Commissioner filed detailed findings of fact in connection with his award. The district judge in written reasons said that there is no contention that the Deputy Commissioner did not correctly apply the law —the complaint is that he did not make sufficient findings of fact and did not expressly find that plaintiff was not permanently partially disabled subsequently to December 28, 1964.

The Deputy Commissioner found that plaintiff was partially disabled from February 11, 1964 to December 28, 1964, following a period of disability from the date of his injury on December 11, 1963. The trial judge found, and we agree, that "This is tantamount to a finding that disability ceased on December 28, 1964." This was a finding on the crucial issue in the case and it was not necessary, therefore, for the Deputy to have stated that plaintiff's disability no longer existed after December 28, 1964. This is the only proper inference which can flow from such a finding. See O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951).

**538**

There is abundant substantial evidence from competent medical experts that plaintiff was *no longer disabled* after December 28, 1964. Under the circumstances, the Deputy Commissioner's findings must be accepted by us since they are clearly supported by substantial evidence on the record as a whole. See O'Keefe v. Smith, Hinchman & Grylls Assocs., Inc., 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965); Vicknair v. Neuman, 5 Cir., 1966, 362 F.2d 832 (1966).

Affirmed.