HIGGINS, INC., and Aetna Casualty & Surety Company, Appellants,

v.

P. J. DONOVAN, Deputy Commissioner, U. S. Department of Labor, Bureau of Employers Compensation, Seventh Compensation District et al., Appellee.

No. 23417.

United States Court of Appeals Fifth Circuit.

Feb. 15, 1967.

---

Sam A. LeBlanc, III, Ivor A. Trapolin, Adams & Reese, New Orleans, La., for appellants.

Frederick W. Veters, Asst. U. S. Atty., New Orleans, La., Louis C. LaCour, U. S. Atty., Charles Donahue, Sol. of Labor, Alfred H. Myers, George M. Lilly, Attys., U. S. Dept. of Labor, of counsel, for appellee.

Before GEWIN, Circuit Judge, and CHRISTENBERRY and HUNTER, District Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Eastern District of Louisiana granting motion of the Deputy Commissioner for summary judgment in a suit filed by appellants to set aside and restrain the enforcement of a compensation order making an award to an employee of appellant Higgins, Inc. under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. We affirm.

On June 21, 1962, Mr. Felix A. Nunez, employed as a machinist by Higgins, Inc., was injured during the course of his employment resulting from a fall of about six feet. An examination revealed a contusion over the upper left lumbar region of Mr. Nunez' back. This injury resulted in loss of work and Aetna Casualty and Surety Company, compensation insurer of Higgins, Inc., paid benefits under the Longshoremen's and Harbor Workers' Act. Mr. Nunez went to work for another employer on July 30, 1962, and the compensation benefits were suspended. After 17 days he was forced to give up this work because of severe pain in his lower back. During the next 15 months Mr. Nunez was unemployed and repeatedly complained of backache. He consulted several orthopedists, neurosurgeons and a general practitioner. For some 15 months after the injury x-rays failed to show any fracture in the area of the injury. On October 26, 1963, following the accident on June 21, 1962, x-rays revealed a compression fracture in the area of the third lumbar vertebra.

A hearing was held before the Deputy Commissioner in September 1964 on the claim by Nunez that he was permanently and totally disabled. The Deputy Commissioner found that the injury of June 21, 1962 resulted in the ultimate compression fracture found in the third lumbar vertebra on October 26, 1963, and issued an order for an award of compensation for temporary total disability from June 22, 1962, less the 17 days Nunez worked after his accident, subject to the limitations of the Act or until further order of the Deputy Commissioner.

It appears that there is no dispute about the fact that at the time of the hearing before the Deputy Commissioner, Nunez was suffering with a compression fracture in the area of the third lumbar vertebra and there is no contest as to such diagnosis. Moreover, it is not contended that Nunez is capable of engaging

in his former work. Appellants' chief contention is that there is no causal connection between the injury of the claimant when he fell on June 21, 1962, and the compression fracture which was disclosed through x-ray examination for the first time on October 26, 1963. Several of the physicians who felt there was no such causal connection examined Nunez only one time. One such physician performed a myelogram and another did not see the patient but examined x-rays. The physician, an orthopedic surgeon, who felt there was a causal connection treated Nunez on a number of occasions extending over a substantial period of time. He was referred to this orthopedic specialist by a general practitioner, because the general practitioner felt that there was a possibility of "a real severe lower back strain or possibly a ruptured disc." A number of lay witnesses, though not qualified to testify in medical terms, did testify that Mr. Nunez became severely handicapped on the date of the injury and that his condition appeared to become progressively worse. The record discloses that Mr. Nunez was an active, diligent, hard working individual prior to the injury and there is not the slightest evidence that he is a malingerer.

We have carefully reviewed the record and conclude that there is substantial evidence on the record as a whole to support the Deputy Commissioner's finding. Although the record reveals sharp conflict in the medical testimony and that most of the medical experts who testified were of the opinion that there was no causal connection between the compression fracture and the June injury, there is sufficient evidence on the record as a whole to justify the Deputy Commissioner's conclusions. O'Keeffe v. Smith, Hinchman & Grylls, 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965); Voris v. Eikel, 346 U.S. 328, 74 S.Ct. 88, 98 L.Ed. 5 (1953); Pillsbury v. United Engineering Co., 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225 (1952); O'Leary v. Brown-Pacific Maxon, Inc., 340 U.S. 504, 508, 71 S.Ct. 470, 95 L.Ed. 483 (1951).

The judgment is affirmed.