**J. P. GOINS, Intervenor, Appellant,**

v.

**NOBLE DRILLING CORPORATION, Employer, and Aetna Casualty and Surety Company, Insurance Carrier, Appellees.**

No. 24928.

United States Court of Appeals
Fifth Circuit.

July 10, 1968.

Rehearing Denied Sept. 3, 1968.

Morton Hollander, Harvey L. Zuckman, Attys., Dept. of Justice, Washington, D. C., Frederick W. Veters, Asst. U. S. Atty., Marvin C. Grodsky, New Orleans, La., for appellant.

George V. Baus, Adams & Reese, New Orleans, La., for appellees.

Before THORNBERRY, AINSWORTH and DYER, Circuit Judges.

AINSWORTH, Circuit Judge:

This appeal was initiated by the Deputy Commissioner of the Bureau of Employees' Compensation, United States Department of Labor, seeking reversal of the ruling of the District Court which enjoined him from enforcing his compensation order in favor of J. B. Goins. The Deputy Commissioner has voluntarily dismissed his appeal, but J. B. Goins

who intervened now prosecutes the appeal alone.

Appellant suffered physical injuries in an accident on April 3, 1961, in the course and scope of his employment by Noble Drilling Corporation, for which he was paid compensation under the Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C. § 901 et seq. On April 2, 1962, his employer and its compensation insurer ceased compensation payments on the basis of medical reports which indicated that appellant was able to return to his previous employment at that time. However, the Deputy Commissioner found that appellant continued to be disabled subsequent to that date and issued an order which awarded additional compensation. On review of the Deputy Commissioner's order, the District Court held that there was no substantial evidence and no reasonable basis in the record for the Deputy Commissioner's finding of disability.[1] We affirm.

The record in this case consisted of the testimony of Goins, by personal appearance, and the written medical reports of eleven doctors who examined and treated him. Goins' employer provided six of the doctors; the other five were recommended by his attorney. The parties stipulated that if the doctors were called to testify they would testify in accordance with their respective written reports contained in the file. None of the physicians appeared in person, therefore, to testify.

The Deputy Commissioner's findings of fact (including his supplementary findings) contained no reference to the medical reports and no analysis of the respective medical findings of these physicians, but spoke only of the facts surrounding the accident, the resulting injury, and the expenses incurred. However, the Deputy Commissioner made an award of compensation, as we have already indicated.

In a well-reasoned opinion the Court below made an extensive and detailed analysis of the medical reports of the eleven physicians and determined that the record as a whole lacked substantial evidence to support the award.

The District Court's analysis shows that nine of the eleven doctors concluded that Goins was in good physical condition, that his shoulder had healed, and that he could and should return to the work he was doing before the injury. Some of the reports indicated that although Goins apparently favored his right arm, he showed no difficulty in performing such tasks as removing his shirt. When he was conscious of his arm movements he acted as if he was in pain, but when he was not aware of his movements he was not affected by his injury. The Trial Judge found from the medical reports that all of the first six doctors who were provided by the employer, and who examined and treated Goins, were firmly of the opinion that there was nothing physically wrong with him. These doctors consisted of a general practitioner specializing in industrial medicine, two orthopedic surgeons, a neurosurgeon, another general practitioner, and a specialist in physiotherapy. Five physicians, recommended by Goins' attorney, then examined claimant, and the Trial Court found from their reports that three of these doctors, an orthopedic surgeon, a neurosurgeon and a neuropsychiatrist, clearly supported the employer's contention that there was nothing physically wrong with Goins. One of the doctors (the neuropsychiatrist), recommended by Goins' attorney, suggested that Goins would be much better off if he were to return to his former employment and found that he is suffering from an emotional disturbance. He wrote, "The physical pain is necessary to prevent a more serious emotional disturbance."

The two remaining doctors, a general surgeon and a non-board certified orthopedic surgeon, who were recommended by Goins' attorney, submitted reports that told of pain and discomfort

---

1. The District Court opinion is reported in 266 F.Supp. 917 (1967).

suffered by Goins after April 2, 1962, the date when the compensation payments ceased, but neither report contained definite statements that Goins could not or should not return to his former employment. Of one of these the District Judge found that "A less concrete and conclusive report could hardly be imagined." 226 F.Supp. at 924. As to the other medical report, the Trial Court said it was the only one which "presents any evidence that Goins was disabled subsequent to March 1962." 266 F.Supp. at 924. But the Court found this report "completely at odds" with the other examining physicians, and held that this doctor's use of "medical jargon * * * does not obscure the obvious fact that his report is nothing more than a collection of medical terms woven around the thread of the patient's own statements about the nature of his accident and his persistent complaints." 266 F.Supp. at 925. The Trial Court cited several Louisiana appellate decisions where the diagnoses of this physician have been criticized.[2]

The scope of judicial review of the Deputy Commissioner's findings of fact in a Longshoremen's Act case is governed by the Administrative Procedure Act, 5 U.S.C. § 1001 et seq., and this standard is that "the findings are to be accepted unless they are unsupported by substantial evidence on the record considered as a whole." O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 508, 71 S.Ct. 470, 472, 95 L.Ed. 483 (1951), (citing Universal Camera Corp. v. National Labor Rel. Bd., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951)).[3] The review, however, is not to be a mere rubber-stamping of the Deputy Commis-

sioner's order when the reviewing Court is unable to conscientiously conclude that the evidence supporting such decision is substantial. N. L. R. B. v. O. A. Fuller Super Markets, Inc., 5 Cir., 1967, 374 F.2d 197.

In our view the Trial Court was able to evaluate the several medical reports, in the absence of personal appearances by all the physicians, as well as the Deputy Commissioner. His finding that the Deputy Commissioner's order was not supported by substantial evidence is not clearly erroneous, and we believe it is correct. Fed.R.Civ.P. Rule 52(a).

Affirmed.

---

**2.** See Smith v. W. Horace Williams Company, La.App., Orleans, 1956, 84 So.2d 223; Hall v. Liberty Mutual Insurance Company, La.App., 1 Cir., 1963, 153 So. 2d 553; Herbert v. American General Insurance Company, La.App., 4 Cir., 1963, 150 So.2d 627.

**3.** See also O'Keeffe v. Smith, Hinchman & Grylls Assocs., Inc., 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965); Austin v. O'Keeffe, 5 Cir., 1967, 379 F.2d 930; Higgins, Inc. v. Donovan, 5 Cir., 1967, 373 F.2d 18; Alexander v. Leavey, 5 Cir., 1966, 370 F.2d 536; Vicknair v. Neuman, 5 Cir., 1966, 362 F.2d 832; O'Keeffe v. Pan American World Airways, Inc., 5 Cir., 1964, 338 F.2d 319; Cunnyngham v. Donovan, 5 Cir., 1964, 328 F.2d 694.