404 F.2d 1059
 YOUNG & COMPANY and Texas Employers Insurance Association, Appellants,
v.
R. J. SHEA, Deputy Commissioner of Labor, et al., Appellees.
Bertram A. WATSON and R. J. Shea, Deputy Commissioner, Appellants,
v.
GULF STEVEDORE CORPORATION et al., Appellees.
 No. 24249.
 No. 25007.
 United States Court of Appeals Fifth Circuit.
 December 9, 1968.
 
 E. D. Vickery, Gus Schill, Jr., Houston, Tex., for Young & Co. and others.
 W. Jiles Roberts, Houston, Tex., James R. Cough, Asst. U. S. Atty., Houston, Tex., Alfred H. Myers, Atty., Dept. of Justice, Washington, D. C., for R. J. Shea and others.
 James R. Gough, Asst. U. S. Atty., Houston, Tex., Morton Hollander, Leonard Schaitman, Attys., Dept. of Justice, Washington, D. C., for Bertram A. Watson and others.
 Carl O. Bue, Jr., Houston, Tex., for Gulf Stevedore Corp.
 Before JONES, WISDOM and THORNBERRY, Circuit Judges, as to Young & Company and Texas Employers Insurance Association v. R. J. Shea, Deputy Commissioner of Labor, et al.
 Before COLEMAN and GODBOLD, Circuit Judges, and RUBIN, District Judge, as to Bertram W. Watson and R. J. Shea, Deputy Commissioner v. Gulf Stevedore Corporation, et al.
 ON JOINT PETITION FOR REHEARING EN BANC
 JOINT PER CURIAM:
 
 
 1
 The Petition for Rehearing en banc filed in both of these cases is DENIED, and no member of the panel nor judge in active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petitions for Rehearing En Banc are DENIED.
 
 
 2
 However, because of the assertion of counsel that "the opinions in these two cases are directly in conflict" and are both contrary to the decision of another panel of this circuit in Goins v. Noble Drilling Corporation, 5 Cir., 397 F.2d 392, (No. 24,928, July 10, 1968) we consider it appropriate to add a few words to prevent others from drawing the same erroneous conclusions.
 
 
 3
 Watson and Goins involved the same issue: the scope of judicial review of the Deputy Commissioner's findings of fact under the Longshoremen's and Harbor Workers' Compensation Act. In both cases an identical standard was applied. In Goins it was stated as follows: "`[T]he findings are to be accepted unless they are unsupported by substantial evidence on the record considered as a whole.'" Goins v. Noble Drilling Corporation, 5 Cir., 397 F.2d at page 394, (No. 24,928). In Watson, the criterion was put in almost the same words: "The settled formula is that the decision of the administrative agency should be accepted unless there is no substantial evidence on the record as a whole to support it." Watson v. Gulf Stevedore Corp., 5 Cir., No. 25,007, 400 F.2d 649, at page 651. The sole difference between these cases is that in Goins the record lacked substantial evidence to support the findings of the Deputy Commissioner while in Watson the evidence was presented and it was substantial.
 
 
 4
 The scope of judicial review of the Deputy Commissioner's findings under the Longshoremen's and Harbor Workers' Act was repeatedly held, prior to the adoption of the Administrative Procedure Act, to be the same as the later one set forth as a general standard in the A.P.A.[1] See, for example, our 1943 opinion in Luckenbach Gulf S. S. Co. v. Henderson, 133 F.2d 305 and such decisions of other courts as Voehl v. Indemnity Ins. Co., 1933, 288 U.S. 162, 53 S. Ct. 380, 77 L.Ed. 676; Lowe v. Central R. Co. of New Jersey, 1940, 3 Cir. 113 F.2d 413. And this was the standard applied by the United States Supreme Court in a case to which the prior law was applicable even though it was decided after adoption of the Administrative Procedure Act. Cardillo v. Liberty Mut. Ins. Co., 1947, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028.
 
 
 5
 Hence, as we have previously said, the Administrative Procedure Act did not change the scope of judicial review of the Deputy Commissioners findings. The substantial evidence rule, properly applied, as we think it was in Watson as well as in Goins, fully effects the intention of Congress and amply safeguards the rights of litigants.
 
 
 6
 In Young the issue was entirely different: the question was whether the injured worker was precluded from recovery before the Commissioner by a collateral estoppel resulting from an earlier jury determination adverse to him. Concluding that the doctrine of collateral estoppel was inapplicable, the opinion in Young set forth expressly several reasons for this result. One of these was, "The standard of persuasion is less before the Commissioner than before the court." Young & Co. v. Shea, 5 Cir., No. 24,249, 397 F.2d 185 at page 189. This distinguishes the amount of evidence necessary to persuade the Commissioner under the Act from that required to persuade a jury. Nothing said there intimates any modification of the substantial evidence rule this Court has consistently applied to the question of whether the Commissioner's determination should be accepted on review.
 
 
 7
 In reviewing a decision of the Commissioner and in applying the substantial evidence rule, the reviewing court must take into account that the standard of persuasion is less before the Commissioner than it would be in a jury trial of the same issue. This is because Congress has indicated an intention to require less.[2] The policy of the Act that all doubtful questions are to be resolved in favor of the longshoreman is to be considered in determining whether there was substantial evidence before the Commissioner.[3] Having taken this into account, the reviewing court applies the same rule to review of administrative proceedings that an appellate court applies to review of jury verdicts, and, in this respect, as we said in Watson, the scope of review of jury verdicts and of administrative findings is the same. It is a non sequitur to suggest that the same standards must apply to determine the burden of persuasion before the trier of fact as those applicable when an appellate court reviews the record.
 
 
 
 Notes:
 
 
 [1]
 Administrative Procedure Act § 10(e), 60 Stat. 237 (1946), 5 U.S.C.A. § 1001 et seq. (1946)
 
 
 [2]
 33 U.S.C. § 901 et seq
 
 
 [3]
 See the cases cited in Young & Co. v. Shea, 5 Cir., No. 24,249, 397 F.2d at page 188