STRACHAN SHIPPING COMPANY and Texas Employers' Insurance Association, Appellants,

v.

R. J. SHEA, Deputy Commissioner, et al., Appellees.

No. 25880.

United States Court of Appeals
Fifth Circuit.
Jan. 13, 1969.

Ed. Bluestein, Jr., D. Dudley Oldham, Houston, Tex., for appellants; Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., of counsel.

W. Jiles Roberts, James R. Gough, Asst. U. S. Atty., Edwin L. Weisl, Jr., Asst. Atty. Gen., Morton L. Susman, U. S. Atty., Houston, Tex., Morton Hollander, Ralph A. Fine, John C. Eldridge, Attys., Dept. of Justice, Washington, D. C., for appellees.

Before JONES and COLEMAN, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

In January, 1964, Lester Nehring, an employee of Strachan Shipping Company, was allegedly injured while working on board the SS RIO BERMEJO. He instituted a third party suit against the owner of the vessel to recover for the injuries he sustained. The owner in turn impleaded Nehring's employer, Strachan Shipping Company, for indemnity. The jury found that Nehring did not sustain an injury while working on board the vessel and denied recovery.

Thereafter, Nehring filed a claim before the Deputy Commissioner, pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq. The Deputy Commissioner held a formal hearing and, determining that Nehring did in fact suffer personal injuries while working on board the SS RIO BERMEJO, awarded compensation.

Strachan brought action to set aside the award. The District Court granted summary judgment in favor of the Deputy Commissioner and affirmed the award.

The question is: Did the jury finding that Nehring was not injured while on board the vessel collaterally estop the Deputy Commissioner from deciding to the contrary?

■ The issue is identical to that presented in Young & Co. v. Shea, 5 Cir., 1968, 397 F.2d 185, in which we held that the Deputy Commissioner was not estopped. That precedent is controlling here.

See also Watson v. Gulf Stevedore Corp., 5 Cir., 1968, 400 F.2d 649, and Goins v. Noble Drilling Corp., 5 Cir., 1968, 397 F.2d 392; petition for rehearing in Young and in Watson denied December 9, 1968, 404 F.2d 1059.

We again point out that the proceeding before the Deputy Commissioner is quite distinct from the ordinary civil suit before a jury. Unlike a judge in a civil suit, the Deputy Commissioner is not bound by common law or statutory rules of evidence or formal rules of procedure. 33 U.S.C. § 923. In addition, certain presumptions, not elsewhere indulged, are recognized in a hearing brought in accordance with the Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C. § 920.

■ Finally, and most significantly, the burden of proof for the petitioner in a compensation hearing is less stringent than in a civil suit. Whereas, in a civil suit the petitioner must prove his case by a preponderance of the evidence in a hearing before the Commissioner all doubtful questions of fact are to be resolved in favor of the injured employee. See J. V. Vozzolo, Inc. v. Britton, 1967, 126 U.S.App.D.C. 259, 377 F.2d 144, 147; Friend v. Britton, 1955, 95 U.S.App. D.C. 139, 220 F.2d 820. The legislative history of the Administrative Procedure

Act, 5 U.S.C., § 500 et seq., cited by the appellant, is not deemed to be to the contrary.

The doctrine of collateral estoppel is inapplicable to the situation here presented. The judgment of the District Court is

Affirmed.