**TAMPA SHIP REPAIR & DRY DOCK CO., INC., Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, and James M. Duran, Respondents.**

No. 75–4137
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 23, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al,* 5 Cir., 1970, 431 F.2d 409, Part I.

Anthony J. Garofoli, John A. Polito, Cleveland, Ohio, for petitioner.

Herbert A. Doyle, Jr., U. S. Dept. of Labor, Dir., Office Wkrs.' Comp. Programs, Washington, D. C., William M. O'Keeffe, Deputy Comm., Office Wkrs.' Comp. Programs, U. S. Dept. of Labor, Jacksonville, Fla., William J. Kilberg, Sol. of Labor, Laurie M. Streeter, Associate Sol., Harry L. Sheinfeld, Atty., U. S. Dept. of Labor, Washington, D. C., for Director, Office of Wkrs.' Comp. Programs.

William H. Yanger, Jr., Cary R. Singletary, Tampa, Fla., for James M. Duran.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Tampa Ship Repair and Dry Dock Company, Inc., petitions for review of an order of the Benefits Review Board, United States Department of Labor, which affirmed the decision of an administrative law judge ordering permanent disability benefits for James M. Duran pursuant to the Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C. 901 *et seq.*

The administrative law judge found that Duran was injured May 16, 1973, and August 3, 1973, in the course of his employment by Tampa. The judge found that Duran was permanently disabled as a result of a psychological condition described as a conversion reaction which was caused by the May and August injuries suffered by Duran. A conversion reaction is a form of neurosis and hysteria in which an individual's anxiety and tension are converted into physical symptoms. The judge found Duran had a predisposition to have this type of problem and that the reaction was triggered by accidents suffered in May and August of 1973. The administrative law judge concluded, therefore, that Duran's permanent disability was caused by the accidents suffered in the course of employment and was compensable under the Act. The judge specifically found that psychological disorders such as conversion reactions are compensable within the meaning of the Act.

Tampa first contends that there is not substantial evidence to uphold the finding of the administrative law judge nor the affirmance by the Benefits Review Board. A review of the record shows that the testimony of Dr. Rubio unequivocally supports the factual conclusion reached by the judge. In addition, the contradictory evidence was primarily presented by doctors who admitted that they did not examine Duran for psychological problems. Since the facts

found by the administrative law judge are clearly supported by substantial evidence, this court may not substitute its judgment for that of the administrative law judge nor the Benefits Review Board. *O'Keeffe v. Smith, Hinchman and Grylls Associates, Inc.,* 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965); *Young & Company v. Shea,* 404 F.2d 1059 (5th Cir. 1968), *cert. denied,* 395 U.S. 920, 89 S.Ct. 1771, 23 L.Ed.2d 237 (1969).

■ Tampa also contends that the administrative law judge improperly considered the testimony of Dr. Rubio, Duran's major witness. For this contention Tampa relies on *United States Steel Corp. v. Lamp,* 436 F.2d 1256 (6th Cir. 1970). *Lamp* is a case involving a seaman's death and disability claims in which the appellate court ruling, grounded in the common law rules of evidence, reversed the district court's admission of testimony from a psychiatrist based solely upon a short interview made with a view toward the litigation. *Lamp* is inapplicable to the present case because 33 U.S.C. § 923(a) explicitly provides that the compensation proceedings under this Act shall not be bound by common law or even statutory rules of evidence. It was not improper to admit the testimony of Dr. Rubio.

■ Finally, Tampa contends that psychological disabilities (especially conversion reactions which depend upon substantial predisposition to this kind of neurosis), should not be considered recoverable injuries under the Act. Similar disabilities, however, have previously been allowed. *Urban Land Institute v. Garrell,* 346 F.Supp. 699 (D.D.C.1972). In addition, psychological disabilities are recoverable under almost all state workmen's compensation laws. *See* 1 Larson, Law of Workmen's Compensation, § 42.22 (1973). In view of the policy of this Act to resolve doubtful questions of coverage in the claimant's favor, we do not find that the conclusion of the administrative law judge allowing recovery for the disability caused by the "conversion reaction" was erroneous. *Friend v. Britton,* 95 U.S.App.D.C. 139, 220 F.2d 820,

*cert. denied,* 350 U.S. 836, 76 S.Ct. 72, 100 L.Ed. 745 (1955); *See Young & Co. v. Shea,* 404 F.2d 1059 (5th Cir. 1968), *cert. denied,* 395 U.S. 920, 89 S.Ct. 1771, 23 L.Ed.2d 237 (1969).

Since the factual conclusions by the administrative law judge are supported by substantial evidence and since psychological disabilities are recoverable under the Act, the petition to review the order of the Benefits Review Board is denied and the order is

AFFIRMED.