**Charles L. GONDOLFI, Petitioner,**

v.

**MID–GULF STEVEDORES and Director, U. S. Department of Labor, Office of Workers' Compensation Programs, Respondents.**

No. 79–3902
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 14, 1980.

Hand & Markey, Daniel J. Markey, Jr., New Orleans, La., for petitioner.

Keith M. Pyburn, Jr., New Orleans, La., for Mid-Gulf Stevedores.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Catherine A. Giacona, Mary A. Sheehan, U. S. Dept. of Labor, Washington, D. C., for Director, U. S. Dept. of Labor.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

Charles L. Gondolfi appeals the denial of his claim under the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S. C.A. § 901 *et seq.* We hold his arguments on appeal to be without merit and affirm.

In July of 1974 Gondolfi, while working as a stevedore superintendent with Mid-Gulf Stevedores, was engaged in an altercation and received a scalp laceration. Marilyn C. Thompson, Assistant Deputy Commissioner at the Department of Labor, contacted Gondolfi six months later and advised him that the scar which resulted from the laceration might be compensable. General Manager of Mid-Gulf, George Duffy, threatened Gondolfi that he would fire Gondolfi if he filed a claim. Thompson assured Gondolfi that such a firing would be unlawful. Gondolfi filed his claim which was settled for $500.

Then, on June 27, 1975, Gondolfi, while responsible for starting a ship grain loading operation, was late getting to work. This delayed the start of the loading and resulted in financial loss to Mid-Gulf. Mid-Gulf's Executive Vice President, Dennis H. Hannan, summarily discharged Gondolfi.

On May 13, 1976, Gondolfi filed a claim alleging that the June 27, 1975 discharge was a retaliation for his acceptance of the workman's compensation award and so violated the Longshoremen's & Harbor Workers Compensation Act. ALJ Sullivan held a trial and ruled against Gondolfi, *Gondolfi v.*

*Mid-Gulf Stevedores,* No. 76–LHCA–1018 (March 24, 1977), but his ruling was reversed for improperly allocating the burden of proof and was remanded. *Gondolfi v. Mid-Gulf Stevedores,* 7 BRBS 1001 (Feb. 28, 1978). On remand, ALJ Thomas reaffirmed the initial decision but Gondolfi requested a new hearing and Judge Thomas withdrew his opinion. ALJ Field held another *de novo* hearing and again ruled for Mid-Gulf. *Gondolfi v. Mid-Gulf Stevedores, Inc.,* BRB No. 77–331 (Feb. 2, 1979). The Benefits Review Board affirmed, *Gondolfi v. Mid-Gulf Stevedores, Inc.,* 11 BRBS 295 (Oct. 4, 1979), and Gondolfi appeals.

■ A simple statement of our standard of review disposes of most of Gondolfi's claims. The findings of fact of an ALJ may be reversed only if they are not supported by substantial evidence on the record as a whole. *Banks v. Chicago Grain Trimmers Association,* 390 U.S. 459, 467, 88 S.Ct. 1140, 1145, 20 L.Ed.2d 30, 37 (1968). Where these factual findings are supported by substantial evidence and are not arbitrary, the Court of Appeals may not substitute its own judgment for that of the ALJ or Benefits Review Board. *Tampa Ship Repair & Dry Dock Co. v. Director,* 535 F.2d 936 (5th Cir. 1976).

■ In this case substantial evidence could not be clearer. Hannan testified that he fired Gondolfi because Gondolfi was not at work when required and did not supply an adequate explanation for his failure to arrive at a timely hour.[1] ALJ Field specifically found that Gondolfi was late and that Hannan's testimony was credible.

Nonetheless, Gondolfi maintains that he was not in fact late but, rather, delayed en route to work with job-related matters, including the obtaining of a needed work letter. Gondolfi made this same argument to the ALJ which the ALJ specifically re-

---

1. Hannan testified:
   Q. Why did you fire Mr. Gondolfi?
   A. Because he wasn't where he was supposed to be that morning and he didn't tell me that he had a problem [getting] to the ship and he really gave me no opportunity to do something else.

   Q. At the time you fired him were you mad?
   A. Why yes sir, I was very mad.
   Q. Why?
   A. Because we were losing money by not starting on time.

jected. Moreover, the record demonstrates that it was not the fault of Mid-Gulf that the letter had to be obtained but that of Gondolfi. Edwin Peyroux, General Superintendent of Mid-Gulf at the time of the discharge, testified that he advised Gondolfi that the papers were ready two days before the starting of the ship and specifically told Gondolfi to pick up those papers.

Indeed, Gondolfi's very statement of the issue on appeal underscores the infirmity of his argument. He claims the issue is whether he has met the minimal burden of proof to show the retaliatory nature of his discharge. What he is really asking is for this Court to make a finding *de novo* on the reasons for his discharge in the face of substantial evidence. This we cannot and will not do. *Watson v. Gulf Stevedore Corp.*, 400 F.2d 649, 651 (5th Cir.), *rehearing en banc denied, Young & Co. v. Shea*, 404 F.2d 1059 (5th Cir. 1968), *cert. denied*, 394 U.S. 976, 89 S.Ct. 1471, 22 L.Ed.2d 755 (1969). ("[I]n a complex society whose legislators have seen fit to create a host of administrative agencies functioning throughout the economy, the administrative-judicial system would defeat its own purpose and break down of its own weight if every decision were reviewed *de novo* . . . [B]oth statute and court decision have established the principle that the reviewing court should not substitute its own judgment for the factual determinations of the administrative agency." (footnote omitted)).

■ The other factual assertions by Gondolfi including the alleged discrepancies between port-logs are also refuted by substantial evidence to the contrary. Similarly, Gondolfi's claim that his discharge for lateness is discriminatory since other tardy employees were not discharged also fails. To be unlawful such discrimination must be because Gondolfi claimed compensation. The ALJ acknowledged that the discharge may have been harsh but specifically found that the compensation claim played no part in the discharge.

■ Gondolfi's final argument—appended two months after filing his initial brief—

must also be rejected. Gondolfi argues that the Benefits Review Board employed an improper standard by reference to arbitrary discharges in Labor-Management Relations cases. Gondolfi misreads the import of that single sentence comparison. Moreover, even if such a reference was less than wholly appropriate, it could not constitute grounds for reversal of these amply supported findings.

AFFIRMED.