**Ivo ARRAR, Petitioner,**

v.

**ST. LOUIS SHIPBUILDING COMPANY; Midland Insurance Company; Benefits Review Board; United States Department of Labor, Respondents.**

No. 85–1421.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1985.

Decided Dec. 18, 1985.

Rehearing and Rehearing En Banc Denied Jan. 30, 1986.

---

Timothy R. Anderson, St. Louis, Mo., for petitioner.

Joseph Dolgin, St. Louis, Mo., for respondents.

Before BOWMAN, Circuit Judge, BRIGHT, Senior Circuit Judge and WOLLMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Ivo Arrar petitions for review of an order of the Benefits Review Board (the Board) of the United States Department of Labor. The Board affirmed a decision of an administrative law judge (ALJ) denying benefits for injuries incurred by Ivo Arrar while employed in an occupation covered by the Longshoremen's and Harbor Workers' Compensation Act (the Act), 33 U.S.C.A. § 903(a) (West Supp.1985). We reverse the decision and order of the Board and remand the case to the Board for further proceedings consistent with this opinion.

## I. BACKGROUND.

Claimant Ivo Arrar and co-worker Milonja Bozovich were preparing their tools for work on the morning of September 15, 1978 at the St. Louis Shipbuilding Company. Bozovich got into a fight with a third employee, Alvin Batts. Batts knocked Bozovich unconscious.

Batts and Arrar disagree as to what happened next. According to Batts, when he and Bozovich began to fight, "Ivo Arrar hits me, or grabs me on the back, and I turned around, and I hits [sic] him." According to Arrar, he was standing twenty-five feet away when Batts and Bozovich began to fight. After Batts knocked out Bozovich, he walked toward Arrar. Arrar claims he thought Batts was returning to work. Arrar's hands were in his pockets. Batts hit Arrar twice causing Arrar's injuries. Arrar claims he did not fight back.

Arrar filed for compensation under the Act, claiming that Batts' blow caused him permanent partial disability from injuries to his teeth and nose and from impairment of his vision and hearing. The ALJ discounted Arrar's version of his injury, and concluded the Act barred Arrar's claim because Arrar was injured through his wilful intent to injure Batts. The Board affirmed the ALJ's dismissal of Arrar's claim.[1]

---

**1.** The ALJ also held that Arrar did not suffer permanent partial disability. The Board did not

## II. DISCUSSION.

The Longshoremen's and Harbor Workers' Compensation Act provides that compensation shall be paid to covered employees suffering accidental injury in the course of employment. 33 U.S.C.A. § 903(a). The Act excludes compensation of those injuries incurred solely through the employee's wilful intent to injure another. 33 U.S.C.A. § 903(b) (West Supp.1985). The Act presumes, however, that an employee's injury did not occur through such a wilful intent to injure another. 33 U.S.C. § 920(d) (1982). A contesting employer successfully rebuts this presumption only by producing substantial evidence to the contrary. *Id.*

The ALJ and the Board determined that Batts' testimony that Arrar "hit" or "grabbed" him was sufficient evidence to rebut the Act's statutory presumption in favor of Arrar. Arrar contends that this testimony showed, at most, that he voluntarily entered the fray, but did not constitute substantial evidence that he intended to injure Batts.

We agree. Batts' ambiguous statement that Arrar "hit" or "grabbed" Batts on the back supports the conclusion that Arrar was attempting to stop the fight between Batts and Bozovich as readily as it supports the conclusion that Arrar intended to injure Batts. The testimony therefore sheds no light on Arrar's subjective intent and certainly cannot constitute substantial evidence that Arrar's injury arose solely through his wilful intent to injure Batts. The equivocal statement made by Batts fails to overcome the statutory presumption in this case.

Accordingly, we reverse the decision and order of the Board, and remand this case to the Board for a determination of disability and such award, if any, as may be proper in light of that ruling on disability.