**Ivo ARRAR, Petitioner,**

v.

**ST. LOUIS SHIPBUILDING COMPANY, and Midland Insurance Company, and Benefits Review Board, United States Department of Labor, Respondents.**

**No. 86–2445.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1987.

Decided Jan. 21, 1988.

---

Frank J. Niesen, Jr., St. Louis, Mo., for petitioner.

Joseph J. Dolgin, Clayton, Mo., for respondents.

Before LAY, Chief Judge, ARNOLD and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

This case arises out of Ivo Arrar's claim for disability benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* Arrar's claim was initially denied by the Secretary as not being covered by the Act on the ground that his injuries were caused by his willful intent to harm another person. 33 U.S.C. § 903(c). This Court reversed that decision, and remanded the case for a determination of disability. 780 F.2d 19 (8th Cir. 1985). On remand, the Benefits Review Board adopted the ALJ's finding that Arrar was entitled to only $250 for disfigurement. The Review Board did not discuss Arrar's attorneys' application for fees. We affirm the Review Board's determination of disability, and award the attorneys fees in an amount to be determined.

Arrar was hit in the face by another worker in 1978. He contends that incident left him with injuries to his eyes, ears, and nose, and caused him to lose nine teeth. He now contests the denial of benefits for these injuries. Arrar's alleged injuries are of two types: scheduled and unscheduled. The injuries to his eyes and ears are sched-uled injuries, compensable by reference to a table of benefits. See 33 U.S.C. § 908(c) (1–19). The harms to his teeth and nose are unscheduled. To recover for these injuries, Arrar must show that they have some effect on his wage-earning capacity. See 33 U.S.C. § 908(c)(21). The standard of review in this case is narrow. We must affirm the ALJ if his findings of fact are supported by substantial evidence, and if no error of law was made in applying the substantial-evidence test. *Bath Iron Works Corp. v. White,* 584 F.2d 569, 573–74 (1st Cir.1978). We believe the ALJ's findings are supported by substantial evidence.

■ Arrar claims that there was an error of law in the denial of benefits for his scheduled injuries. He relies on 33 U.S.C. § 920(a), which creates a presumption, "in the absence of substantial evidence to the contrary," that a "claim comes within the provisions" of the compensation statute. The effect of this presumption, we think, was well stated by Judge Timbers in *Volpe v. Northeast Marine Terminals,* 671 F.2d 697, 700 (2d Cir.1982) (footnotes omitted):

> In considering a claim for disability benefits under the Act, there are four stages in the resolution of the claim. First, the claimant must show that he sustained an injury. *Bath Iron Works Corp. v. White,* 584 F.2d 569, 574 (1 Cir.1978). Second, once an injury is established, a presumption arises that the injury was work-related. 33 U.S.C. § 920(a) (1976) ("Section 20 presumption"). Third, the employer then must present substantial evidence to rebut the work-relatedness of the injury; if he does, the presumption disappears. *Del Vecchio v. Bowers,* 296 U.S. 280, 286 [56 S.Ct. 190, 193, 80 L.Ed. 229] (1935). Fourth, if the presumption, which the *Del Vecchio* Court emphasized is insufficient to justify an award for a claimant without some independent evidence, is rebutted, there still must be an evaluation of whether the evidence as a whole would justify a holding for the employer. *Parsons Corp. of California v. Director, Office of Workers' Compen-*

*sation Programs*, 619 F.2d 38, 41 (9 Cir. 1980).

Applying this standard, we hold that the employer introduced substantial evidence to rebut the claim, and that the Board's finding is sufficiently supported by the record. St. Louis Shipbuilding did offer evidence to sever the connection between Arrar's injuries and the incident at work. On the day of the incident, Arrar was examined at the hospital. The medical report from that time shows that his eyes and ears were functioning normally. Employer's Exhibit No. 1. Six days later a medical report described Arrar's vision as good. Employer's Exhibit No. 2. Two years after the incident, a doctor found a problem with his vision, but attributed it to arcus senilis, a degenerative disease of the cornea caused by aging. Claimant's Exhibit No. 2. Four years after the incident, a different doctor observed that Arrar had a 4 millimeter scar in his right eye. Claimant's Exhibit No. 4. The doctor did not discuss the origin of the scar, and it seems to be the sort of injury that would have been apparent at the time of the incident at work if it had existed then. Arrar did not even complain of hearing loss until four years after the incident. While a 1982 audiological report noted Arrar was suffering from hearing loss, it also noted that the loss could not be attributed to facial trauma. Claimant's Exhibit No. 3. Thus, Arrar has not convincingly linked his vision and hearing problems to the work-related incident. The statutory presumption, in the face of this negative evidence, cannot provide the linkage for him. Substantial evidence supports the ruling of the ALJ.

■ Arrar may collect benefits for an unscheduled injury only to the extent the injury affects his wage-earning capacity. 33 U.S.C. § 908(c)(21). Arrar presents reports from two doctors stating that the injuries to his nose and loss of teeth disable him. Yet, petitioner worked six days a week for years after the incident, missing work only occasionally. He himself believes the accident has not changed his ability to do his job. Transcript at 58. His sinus pain is relieved in a few minutes by flushing with nasal spray. Claimant's Exhibit No. 2. Arrar's dentist stated that, though nine teeth were pulled after the incident, only one tooth was lost or lost more quickly due to facial trauma. The rest were extracted to treat Arrar's chronic periodontitis. Employer's Exhibit No. 3. Again, substantial evidence supports the ALJ's decision to deny Arrar disability benefits.

■ Title 33 U.S.C. § 928(a) provides for an award of attorneys' fees to a claimant's lawyers after "successful prosecution" of a claim. By obtaining $250 for his client, Arrar's attorney has been "successful" to a degree. Thus, he is entitled to some amount of fees. Normally, we would remand to the Board to fix the appropriate amount, but here, in view of the limited success of the claimant, we believe it would be more economical, both for the parties and for the Board, simply to decide the matter for ourselves. We therefore direct the Board to award a fee of $200 to Arrar's attorney.

On the merits, we affirm the Board. A fee is to be awarded in accordance with this opinion.

It is so ordered.