Calvin DICKENS, Petitioner,

v.

TIDEWATER STEVEDORING
CORPORATION, Respondent.

No. 80–1667.

United States Court of Appeals,
Fourth Circuit.

Argued May 4, 1981.

Decided Aug. 7, 1981.

John H. Klein, Norfolk, Va. (Charles S. Montagna, Breit, Rutter & Montagna, Norfolk, Va., on brief), for petitioner.

John B. King, Jr., Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for respondent.

Before FIELD, Senior Circuit Judge, MURNAGHAN, Circuit Judge, and ERWIN,* District Judge.

ERWIN, District Judge:

Calvin Dickens (appellant) appeals from the decision and order of the Benefits Review Board affirming the administrative law judge's denial of a claim under the Longshoremen's and Harbor Worker's Compensation Act (Act), 33 U.S.C. § 901 *et seq.* Because we conclude that the board's ruling is supported by substantial evidence in the record, we find appellant's arguments to be without merit and affirm.

Appellant, a member of Local 846 of the International Longshoremen's Association, has been employed as a longshoreman in the Newport News portion of the Hampton Roads Port for approximately fifteen years. The appellee, Tidewater Stevedoring Corporation, is a member of the Hampton Roads Shipping Association which serves as the bargaining representative for employers in the port of Hampton Roads.

On February 14, 1977 while working for the appellee, appellant received disabling injuries, resulting in his being out of work from February 14, 1977 until November 17, 1977. Appellant received compensation for temporary total disability pursuant to the Act from February 15 through July 26 and from July 29 through November 17, 1977.

---

* The Honorable Richard C. Erwin, United States District Judge for the Middle District of North Carolina, sitting by designation.

The collective bargaining agreement between appellant's union and the employer's association during the period of his disability[1] contained a Guaranteed Annual Income (GAI) provision designed to help compensate longshoremen who have lost work due to automation or containerization. The terms of the GAI program guarantee 1800 hours of pay per contract year to qualified employees who report for work but for whom no work is available. For administrative purposes, the 1800 hours are prorated over a fifty-two week year, equaling a guarantee of approximately 34.62 hours per week. The contract requires that certain deductions be made from the annual 1800-hour guarantee in order to compute each employee's net GAI entitlement. Pursuant to this requirement, one hour is deducted from the 1800-hour guarantee for each hour that the individual longshoreman works during the year, also vacation pay, based on a forty-hour week, depending on the number of weeks of vacation the employee has accumulated. The contract also provides that eight-hour deductions be made for each of fourteen paid holidays, absences due to illness, death in the family, jury duty, and other specifically described reasons. Absences due to work related injuries such as those suffered by appellant, wherein the employee received workmen's compensation benefits, are treated like other excused absences, and an eight-hour deduction is made for each day that an injured worker receives such benefits.

Some 1232 hours were deducted from appellant's 1800-hour guarantee during 1977, reflecting the number of hours for which he received compensation for absences due to on-the-job injury during that year. Appellant filed a claim under the Act contending that the GAI program discriminates against an employee receiving compensation payments and therefore violates Section 49 of the Act. 33 U.S.C. § 948a.[2] Appellant argues that since the GAI would entitle him to a maximum of 34.62 hours of weekly regular pay had he been able to report for work, a weekly deduction of forty hours from his annual guarantee based solely upon his claim of compensation benefits discriminates against employees who make such claims in direct contravention to Section 49 of the Act.

The administrative law judge noted that similar eight-hour deductions are made against the guarantee of those employees who are ill and those who miss work pursuant to an excused absence and concluded that the program did not discriminate against appellant in violation of Section 49 of the Act. Also noting deductions of eight hours per day, forty hours per week, for paid holidays, and vacation time, the administrative law judge reasoned that appellant, who lost eight hours for each day he received compensation, was treated basically the same as the other groups of employees. *Calvin Dickens v. Tidewater Stevedoring Corporation*, No. 79–LHCA–706 (September 4, 1979).

On appeal, the Benefits Review Board found that inasmuch as the benefits paid to employees receiving workmen's compensation are computed on the basis of a forty hour work week,[3] and the benefits paid to participants in the GAI program are based on a weekly guarantee of 34.62 hours, the deductions for each group equal the number

1. Since appellant's period of disability covered parts of two contract periods, the collective bargaining agreement covering the period October 1, 1974 through September 30, 1977, and the agreement covering the period October 1, 1977 through September 30, 1980 were introduced into evidence. For purposes of this appeal, the provisions regarding Guaranteed Annual Income are the same in both contracts.

2. Section 49 of the Act provides in pertinent part as follows:
   It shall be unlawful for any employer or his duly authorized agent to discharge or in any

other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer . . .

3. Employees who receive workmen's compensation benefits are not paid by the employer pursuant to the GAI program, but rather receive payments from the employer's insurance carrier. These payments are based on a rate of two-thirds of the employees' average weekly wages during a forty hour work week.

of hours for which members of the group are actually paid. The board concluded, therefore, that the deduction of a greater number of hours from the annual guarantee of employees receiving workmen's compensation does not constitute discrimination within the meaning of Section 49. *Calvin Dickens v. Tidewater Stevedoring Corporation*, BRB No. 79–596 (September 22, 1980).

We note at the outset that in cases arising under the Longshoremen's and Harbor Worker's Compensation Act, our standard of review is limited to the determination of whether the ALJ's findings are supported by substantial evidence in the record considered as a whole. *Gondalfi v. Mid-Gulf Stevedores*, 621 F.2d 695 (5th Cir. 1980); 33 U.S.C. § 921(b)(3). Where it appears that these factual findings are supported by substantial evidence and are not arbitrary, the court of appeals may not substitute its own judgment for that of the ALJ or the Benefits Review Board. *Id.* at 696.

Appellant in this case does not deny that the forty hour weekly deductions of which he complains were made pursuant to the terms of the negotiated collective bargaining agreement currently in effect between the union and the employers in the Port of Hampton Roads. Neither does he suggest that these deductions are in any way unique to employees who file claims for workmen's compensation benefits. Indeed, it is undisputed that employees who are absent due to illness, jury duty, death in the family, vacation, and paid holidays are subjected to identical deductions. Appellant's claim of discrimination, therefore, rests solely upon the fact that a difference exists in the treatment of employees who receive workmen's compensation benefits on the one hand, and employees who receive GAI benefits on the other.

In this regard, we find the reasoning of the Benefits Review Board compelling. The purported difference in treatment of which appellant complains is, in fact, no difference at all inasmuch as both groups experience deductions in amounts equal to the number of hours for which they receive compensation. Bearing in mind that the

essence of discrimination lies in the different treatment of like groups or individuals, *Mueller Brass Co. v. N. L. R. B.*, 544 F.2d 815 (5th Cir. 1977), we conclude, therefore, that the decision of the Benefits Review Board affirming the denial of appellant's claim was supported by substantial evidence and should be affirmed.

*AFFIRMED.*