John E. **HOLLIMAN,** Petitioner,

v.

**NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY,** Respondent.

**No. 87–1202.**

United States Court of Appeals, Fourth Circuit.

Argued May 3, 1988.

Decided July 26, 1988.

Robert E. Walsh (Rutter & Montagna, on brief), for petitioner.

Lawrence P. Postol (Seyfarth, Shaw, Fairweather & Geraldson, on brief), for respondent.

Before CHAPMAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.

WILKINS, Circuit Judge:

John E. Holliman petitions for review of a decision of the Benefits Review Board (Board) which reversed an administrative law judge's (ALJ) award of reinstatement with back pay under section 49 of the Longshore and Harbor Workers' Compensation Act (the Act), 33 U.S.C.A. § 948a (West 1986). We affirm.

## I.

Holliman was employed by Newport News Shipbuilding and Drydock Company from 1972 to 1983 under a union contract which provided that "[c]ontinuous service and the employment relationship shall be automatically terminated when an employee ... is absent without leave for five (5) consecutive workdays or longer." With the acquiescence of the union, Newport modified the rule to apply when "an employee is *absent for five (5) workdays without notification to the Company.*" Employees are assigned designated telephone numbers to call in order to comply with this requirement. As modified, the rule also provides that if an employee is incapacitated, a relative may call for him.

Under Article XXI of the contract, "Leaves of Absence," exempt from the five-day rule, are allowed for (1) personal reasons, (2) union business, (3) maternity leave, and (4) military duty. The contract does not recognize a separate category of absences due to occupational injuries, nor does Newport classify them as Article XXI leaves of absence. The five-day rule is uniformly enforced against all employees absent due to injuries or illness, regardless of whether they are personal or occupational.

Holliman suffered an occupational back injury on April 6, 1983 and was out of work under a doctor's care until October 24, 1983 when he was released to return to light-duty work. Newport voluntarily paid Holliman temporary total disability benefits from April 8, 1983 until October 23, 1983. However, Newport refused to allow him to return to work after October 23 because he had been terminated for failure to call every five days. Although Holliman was aware of the rule and previously had called regularly, he failed to contact Newport between July 1 and July 13. He was terminated retroactively effective July 1.[1] Holli-

---

1. Holliman was terminated in May 1983 for violation of the rule, but he was reinstated when his foreman confirmed that he had called a nondesignated telephone number. With regard to the July dates, Holliman again insisted that he had called, but his telephone records failed to confirm this.

man subsequently filed a claim for violation of section 49, alleging that he was discriminatorily discharged for making a workers' compensation claim.[2]

## II.

Section 49 provides that: "It shall be unlawful for any employer ... to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation...." 33 U.S.C.A. § 948a. There are two elements of a section 49 claim. *Geddes v. BRB*, 735 F.2d 1412, 1415 (D.C.Cir.1984). First, an employer must commit a discriminatory act, *id.*, "the essence of [which] lies in the different treatment of like groups or individuals." *Dickens v. Tidewater Stevedoring Corp.*, 656 F.2d 74, 76 (4th Cir.1981). And, the discrimination must have been motivated by animus against the employee due to his pursuit of compensation under the Act. *Geddes*, 735 F.2d at 1415.

The ALJ awarded Holliman reinstatement with back pay, finding that Newport discriminated against compensation claimants as a class by enforcement of the five-day rule. The Board reversed, finding that Holliman had failed to prove that Newport committed a discriminatory act which was motivated by discriminatory animus. The question presented is whether the ALJ's determination was supported by substantial evidence in the record as a whole and was otherwise in accordance with law. 33 U.S.C.A. § 921(b) (West 1986); *Newport News Shipbuilding & Drydock v. Director*, 681 F.2d 938 (4th Cir.1982).

In concluding that Newport discriminated against compensation claimants as a class in applying the five-day rule, the ALJ made several findings. First, he rejected Newport's justification for the five-day rule. Although Newport asserted that the rule was necessary to facilitate work-load planning, the ALJ found this assertion unpersuasive since Newport had actual knowledge that Holliman was temporarily totally disabled due to an occupational injury. The ALJ also noted that the five-day rule is not applied to individuals on approved leaves of absence, in which cases the employer also has advance notice of the absences. He found that there was no explanation as to why the five-day rule is necessary in a case of absence due to an occupational injury but not necessary for Article XXI leaves of absence. The ALJ concluded that there was no valid business reason for the distinction.[3]

## III.

The wisdom of the five-day rule and the classification of absences due to injury as being without leave are labor-management matters not subject to review under the Longshore and Harbor Workers' Compensation Act. Proper matters for inquiry in a section 49 claim are whether compensation claimants, individually or as a class, are treated differently from like groups or individuals, and whether the treatment is motivated, in whole or in part, by animus against the employee(s) because of compensation claims.

The ALJ determined that Holliman was fired for violation of the five-day rule, not because he sought compensation benefits. But the ALJ nevertheless found discrimination because the rule, in his judgment,

2. He also sought permanent disability benefits. Newport did not appeal the award of permanent partial disability benefits, but objected to the inconsistent award of both disability benefits and reinstatement.

3. We note that there is one fact the ALJ overlooked in finding that there was no valid business reason or justification for application of the five-day rule in cases of absences due to occupational injuries. Approved leaves of absence under Article XXI are for fixed periods of time. Thus, the employer not only knows the employee will be absent but also for what period of time. However, the length of disability leave is uncertain and periodic contact would appear to be a reasonable necessity for work-load planning.

served no legitimate business purpose. Our task is not to pass judgment on the wisdom of rules established by competing parties in the marketplace. Our task is to determine if the rules are designed to or do in practice discriminate.

Here, there was no evidence of individual discrimination, for as the ALJ found, the rule is "inflexibly" enforced. Nor does Newport discriminate against compensation claimants as a class. Given that the five-day rule is customarily enforced against employees absent due to personal or occupational injuries alike and lacking any evidence of specific discriminatory animus directed at Holliman, we find that the Board properly reversed the ALJ's decision.

AFFIRMED.