**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHERMAN L. KING,
Petitioner,

v.

NEWPORT NEWS SHIPBUILDING AND

DRY DOCK COMPANY; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 96-2628

On Petition for Review of an Order
of the Benefits Review Board.
(94-295)

Submitted: June 17, 1997

Decided: August 6, 1997

Before WILKINS and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert E. Walsh, Matthew H. Kraft, RUTTER & MONTAGNA,
L.L.P., Norfolk, Virginia, for Petitioner. Benjamin M. Mason,
MASON & MASON, P.C., Newport News, Virginia, for Respon-
dents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Sherman L. King appeals the Benefits Review Board's ("BRB") summary affirmance of the Administrative Law Judge's ("ALJ") denial of his claim for disability benefits under the Long-shore and Harbor Workers' Compensation Act (the"Act"), 33 U.S.C.A. §§ 901-950 (West 1986 & Supp. 1997).* Finding that the ALJ's decision was supported by substantial evidence, we affirm.

I.

On August 8, 1990, while an employee of Newport News Ship-building and Dry Dock Company ("Newport News"), King injured his hand when he attempted to pull on a heavy piece of steel. From August 8, 1990, until August 7, 1991, King alternated between work-ing at Newport News in a limited capacity in accordance with his sur-geon's restrictions and being out on temporary total disability due to his various hand and wrist surgeries. During this time, King continued to work a second job at Sanitez, a janitorial company. The computa-tion of King's average weekly wage for disability compensation pur-poses was based solely on his earnings from Newport News, and it is undisputed that Newport News was aware of King's employment with Sanitez.

_____

*The BRB never addressed the merits of the appeal. On September 12, 1996, the BRB sent the parties a notice stating that pursuant to the provi-sions of Public Law Number 104-134, enacted on April 26, 1996, all appeals to the BRB relating to claims under the Act were deemed to have been affirmed if the case had been pending before the BRB for one year by September 12, 1996. Because King's appeal met these criteria, the BRB informed the parties that the ALJ's decision had been effectively affirmed by the BRB on September 12, 1996, for purposes of their rights to obtain review in this court.

2

King's disability checks included the following statement above the signature line:

> FOR COMPENSATION RECIPIENTS OF TEMPORARY TOTAL OR PERMANENT TOTAL DISABILITY BENEFITS ONLY: "I CERTIFY, AS ATTESTED BY MY SIGNATURE, THAT I HAVE NOT WORKED IN ANY GAINFUL EMPLOYMENT DURING THE PERIOD OF DISABILITY COVERED BY THIS CHECK."

King signed these checks for a combined total of approximately nine months, notwithstanding the fact that he was working for Sanitez at the time he endorsed the checks. King testified that he attempted to read the statement above the signature line but did not understand it. Newport News terminated King on August 11 for violation of Yard Rule Number 10, "Falsification of Company Records."

Arguing that Newport News discriminated against him in terminating his employment, King filed this claim, alleging a violation of Section 49 of the Act. 33 U.S.C.A. § 948a. In addition, King sought temporary total disability benefits for the period subsequent to his discharge. The ALJ denied King's claim, and the BRB summarily affirmed.

II.

Section 49 of the Act provides that "[i]t shall be unlawful for any employer . . . to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation . . . under this chapter." To be successful, a section 49 claim must have two elements. "First, an employer must commit a discriminatory act . . .`the essence of [which] lies in the different treatment of like groups or individuals.'" Holliman v. Newport News Shipbuilding, 852 F.2d 759, 761 (4th Cir. 1988) (quoting Dickens v. Tidewater Stevedoring Corp., 656 F.2d 74, 76 (4th Cir. 1981)). Second, the discriminatory act must be motivated, at least in part, by animus against the employee because of the employee's pursuit of his rights under the Act. See Holliman, 852 F.2d at 761; see also Geddes v. Benefits Review Bd., 735 F.2d 1412, 1415 (D.C. Cir. 1984).

3

King essentially makes two arguments in support of his claim that the ALJ erred in its rejection of his discrimination claim. First, he contends that the circumstances surrounding his termination were suspicious. Newport News indisputably knew that King was working a second job. He was never told either that he could not cash his disability checks or that he needed to complete additional paperwork. In addition, the investigation was initiated by the Newport News' workers' compensation department. Further, King points out that his reading skills are limited and that he did not have the requisite intent to defraud.

Second, King contends that he was treated differently from an employee who was permitted to repay his benefits and keep his job. King asserts that this employee was treated favorably, because the "falsification" was discovered after the employee's disability was resolved and Newport News was, therefore, no longer obligated to pay compensation. Because King was not given the same opportunity to repay his benefits, he asserts that his discharge was discriminatory.

In addressing this issue, the ALJ found that there was no evidence that Newport News' discharge of King was a discriminatory act. In support of this finding, the ALJ noted that Yard Rule 10 does not require any specific intent. Falsification of records is "expressly prohibited" and "will subject the offending employee to discharge or other discipline." We do not pass judgment on the wisdom of a rule established by competing parties in a marketplace. See Holliman, 852 F.2d at 762.

In addition, Newport News submitted evidence of thirty employees who had been terminated for violation of Yard Rule 10. One, like King, was terminated after falsely signing compensation checks for an extended period of time. In rebuttal, King points to one employee who was not terminated. However, that employee signed only three checks. King's situation is much more easily compared to the employee who falsely signed checks for an extended period of time, and thus, substantial evidence supports the conclusion that King was treated like other similarly-situated employees.

Finally, the ALJ was able to evaluate the credibility of Carson Boone, the Supervisor of Personnel for Newport News, when he testi-

4

fied and was cross-examined as to the circumstances surrounding King's termination. This credibility determination is not subject to review. See Grizzle v. Pickands Mather, 994 F.2d 1093, 1096 (4th Cir. 1993). Because the evidence fails to reflect that King was treated differently from any other employee who falsely endorsed disability checks for an extended period of time, we reject King's argument and affirm the ALJ's finding that Newport News' dismissal of King was not discriminatory. See See v. Washington Met. Area Transit Auth., 36 F.3d 375, 380 (4th Cir. 1994) (appellate court must defer to the ALJ's credibility determinations and inferences from the evidence, despite other, more reasonable conclusions).

III.

King also asserts that his disability claim should have been considered separately from his Article 49 claim. King contends that the ALJ erred in finding that King was not entitled to temporary total disability benefits because Newport News failed to establish the availability of suitable alternate employment which King was capable of performing within his medical restrictions. See Newport News Shipbuilding v. Tann, 841 F.2d 540, 542 (4th Cir. 1988). Newport News maintains that King performed post-injury, light-duty work at its facility and would still be so employed had he not been discharged for breaching company rules. Newport News asserts that this evidence satisfied its burden of proof under Tann.

We agree with Newport News that substantial evidence supported the ALJ's determination that the evidence revealed the availability of suitable, alternate employment. For a year after his injury, King returned to work at Newport News within his restrictions whenever he was able. During that time, it is undisputed that Newport News found suitable employment for King. It is further undisputed that King's restrictions have not changed and that King's prior position is still available. When a claimant is discharged for reasons unrelated to his disability, an employer does not have a continuing responsibility to identify new suitable alternate employment, as an employer is not a long-term guarantor of employment. See Brooks v. Newport News Shipbuilding, 26 B.R.B.S. 1 (1992), aff'd sub nom., Brooks v. Director, OWCP, 2 F.3d 64, 65-66 (4th Cir. 1993).

Accordingly, we affirm the BRB's denial of King's claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6