

**NUMBER 13-07-017-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PATRICK LACOUR,                                                                    Appellant,

v.

LANKFORD COMPANY, INCORPORATED,                                   Appellee.

On appeal from the 148th District Court of Nueces County, Texas.

# O P I N I O N

**Before Chief Justice Valdez and Justices Yañez and Benavides
Opinion by Justice Benavides**

Appellant, Patrick LaCour, appeals from a final summary judgment rendered in favor of appellee, Lankford Company, Inc. By four issues, LaCour argues that he complied with the notice provisions and is entitled to reinstatement and backpay under the Longshore and Harbor Workers' Compensation Act. *See* 33 U.S.C. §§ 901-950. We reverse and remand.

## I. Background

LaCour was employed by Lankford Company as a sandblaster and painter. On March 12, 2004, LaCour was working on an offshore drilling platform, sometimes known as a "rig," in the Gulf of Mexico. Lankford Company was a contractor hired to repaint the rig.

LaCour operated a jetblaster, which is a high-powered pressure washer. He alleges that Lankford Company's foreman, Howard Webb, increased the pressure on the jetblaster without his knowledge. According to LaCour, the increased pressure caused the jetblaster to recoil against his shoulder, knocking him off balance and almost knocking him off the scaffold on which he was working. As a result, LaCour's shoulders were severely injured. That same day, LaCour notified his fellow crewmen and Webb that he was injured. On March 14, 2004, LaCour was examined by medical personnel on the rig. It was determined that LaCour needed further medical attention, so he was flown off the rig by helicopter.

LaCour alleges that on March 15, 2004, he called Jim Lankford, the president and CEO of Lankford Company, to give notice of his injury. LaCour was then terminated from his employment on March 17, 2004, just a few days after his injury. LaCour alleges that in the termination letter, Lankford stated that LaCour was not entitled to any medical or unemployment benefits and that he was being terminated. The letter was signed by Jim and Leon Lankford, the owners of Lankford Company.[1]

LaCour filed a claim for workers' compensation with the United States Department of Labor on March 30, 2004. On April 5, 2004, LaCour's attorney sent a letter to Jim

---

[1] The letter does not appear in the record, but Lankford Company did not object to LaCour's testimony as to the contents of the letter and apparently does not dispute that the letter was sent.

Lankford notifying him that LaCour had retained counsel to pursue a wrongful termination claim. On May 18, 2005, LaCour filed suit against Lankford Company for wrongful termination under the Longshore and Harbor Workers' Compensation Act. *See* 33 U.S.C. § 948a. LaCour alleged that he was fired in violation of 33 U.S.C. section 948a because he filed or attempted to file a claim for workers' compensation.[2]

While the suit was pending, LaCour was released to return to work on June 13, 2005. However, his doctor filled out a release form indicating that LaCour had a 6% permanent disability. His doctor told him that he could only perform "light duty." LaCour admitted in his deposition that he could no longer perform pressure work, like sandblasting or operating a jetblaster, or any other job that would put pressure on his shoulders. LaCour appeared at Jim Lankford's office on June 14, 2005 and requested employment, which was refused.

Lankford Company answered the lawsuit and then filed a combined motion for traditional and no-evidence summary judgment. TEX. R. CIV. P. 166a(c), (i). First, Lankford Company argued that LaCour failed to exhaust his administrative remedies by providing notice of his claim to the deputy commissioner of the Secretary of Labor located in the compensation district and by filing a claim with the deputy commissioner within one year of the injury. *See* 33 U.S.C. §§ 912(a), 913(a). Lankford Company argued that after receiving a claim, the deputy commissioner conducts an investigation and orders a hearing on the matter, which would be required before any suit could be filed. Additionally, Lankford Company argued that there was no evidence that LaCour had exhausted his

---

[2] LaCour also alleged a cause of action under the Texas Labor Code, but he has not appealed the trial court's order granting summary judgment as to that claim.

3

administrative remedies.

Second, Lankford Company argued that LaCour is not entitled to a remedy under 33 U.S.C. section 948a because he is not "qualified to perform the duties of his employment." *See id.* § 948a. Lankford Company pointed to LaCour's deposition testimony as evidence that LaCour was not qualified to perform the duties of employment, arguing that LaCour admitted that "there were no other positions that he knew of at Lankford that he would actually be able to perform, such as a helper, brush painter, or sander." Lankford did not present testimony from anyone at the company explaining what jobs were available at the company and the jobs' duties. Lankford did not argue this point as a no-evidence ground, but rather, asserted it as a traditional summary judgment ground.

The trial court granted the motion for summary judgment without stating the grounds for its ruling. This appeal ensued.

## II. Standards of Review

Lankford Company filed a combined traditional and no-evidence motion for summary judgment. A no-evidence motion for summary judgment is "essentially a motion for a pretrial directed verdict." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581-82 (Tex. 2006). Once a no-evidence motion for summary judgment is filed, the non-moving party must present evidence raising an issue of material fact as to the elements of the claim challenged in the motion. *Id.* at 582. "We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id.*

4

When reviewing a traditional summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The movant bears the burden of proof in a traditional motion for summary judgment, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215. We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

We will affirm a traditional summary judgment only if the record establishes that the movant has conclusively proved its defense as a matter of law or if the movant has negated at least one essential element of the plaintiff's cause of action. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997); *Clear Creek Basin*, 589 S.W.2d at 678. Only when the movant has produced sufficient evidence to establish its right to summary judgment does the burden shift to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). A defendant seeking summary judgment on an affirmative defense must conclusively prove all the elements of the affirmative defense. *Steel*, 997 S.W.2d at 223; *see* TEX. R. CIV. P. 166a(b),

5

(c).  To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law.  *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996).

### III.  Compliance with 33 U.S.C. section 913(a)

By his first issue, LaCour argues that the trial court erred by finding that (1) section 913(a) applied to his case, and (2) he failed to comply with section 913(a)'s filing requirements.  *See* 33 U.S.C. § 913(a).  Section 913(a) provides:

> Except as otherwise provided in this section, the right to compensation for disability or death under this chapter shall be barred unless a claim therefore is filed within one year after the injury or death. If payment of compensation has been made without an award on account of such injury or death, a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or death occurred. . . .

*Id.*  LaCour argues that this provision only applies if the employee is seeking "compensation for disability or death," whereas he is seeking reinstatement and backpay for wrongful termination.    *See id.* § 948a.  We agree.

When the language of a statute is clear and unambiguous, we must give the statute its plain and ordinary meaning unless such a construction would lead to absurd results.  *Cali v. Serv. Motors, Inc.,* 660 S.W.2d 814, 815 (Tex. 1983); *see Burton v. Stevedoring Servs. of Am.*, 196 F.3d 1070, 1072 (9th Cir. 1999).  Section 913(a) clearly states that it applies to a claim for "compensation for disability or death."  33 U.S.C. § 913(a).  Section 902(10) defines "disability" as

> incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment; but such term shall mean permanent impairment, determined (to the extent covered thereby) under the guides to the evaluation of permanent impairment

6

promulgated and modified from time to time by the American Medical Association, in the case of an individual whose claim is described in section 910(d)(2) of this title.

33 U.S.C.A. § 902(10). "Disability," as defined by the statute, does not include termination for seeking benefits for an injury. *Id.* Additionally, "death" is defined as a "death resulting from an injury." *Id.* § 913(11). LaCour was not seeking compensation for his physical injury, nor did he seek death benefits.

The only way that section 913(a) could apply to LaCour's claim is if "injury" is defined to include an injury for wrongful termination by the employer. "Injury" is defined as

accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury, and includes an injury caused by the willful act of a third person directed against an employee because of his employment.

*Id.* § 902(2). At first glance, it may appear to some that the last clause of section 902(2) could include wrongful termination by an employer. *See id.* However, "employer" is separately defined as

an employer any of whose employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel).

*Id.* § 902(4).

"'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *Russello v. United States*, 464 U.S. 16, 23 (1983) (quoting *United States v. Bo*, 472 F.2d 720, 722 (5th Cir.

7

1972)).  Had Congress intended the term "injury" to include an intentional act by the employer because of the employment, it would have included the term "employer" within section 902(2).  *See id.*  Instead, for example, the last clause of the definition of "injury" was intended to include the situation where an employee is injured on the job by a customer of the employer or by a random act of violence.  *See, e.g., Maryland Cas. Co. v. Cardillo*, 107 F.2d 959, 960 (D.C. Cir. 1939) (holding section applied where employee was mugged on the job).  Thus, we agree with LaCour that section 913 does not apply to a claim for wrongful termination under section 948a.

Lankford concedes that there are no cases that specifically address this issue, but rather, it points to appeals from orders by the United States Department of Labor Benefits Review Board granting or refusing to grant reinstatement and backpay for wrongful termination.  *See Holliman v. Newport News Shipbuilding & Dry Dock Co.*, 852 F.2d 759, 760 (4th Cir. 1988); *Geddes v. Benefits Review Bd. US Dep't of Labor*, 735 F.2d 1412, 1414 (D.C. Cir. 1984).   We believe these cases are distinguishable.

In *Holliman* and *Geddes,* the employee was seeking both total disability pay and reinstatement, which can sometimes lead to inconsistent awards.  *Holliman*, 852 F.2d at 761 n.2; *Geddes*, 735 F.2d at 383.[3]  For example, if the employer contests the employee's allegation of total disability, the employer must prove that the employee could obtain suitable alternate employment. *Ledet v. Phillips Petroleum Co.*, 163 F.3d 901, 905 (5th Cir. 1998).  This type of challenge is inconsistent with an employer's challenge that backpay

---

[3] Lankford also cites *Gondolfi v. Mid-Gulf Stevedores*, 621 F.2d 695, 696 (5th Cir. 1980).  This case apparently did not involve a claim for disability and for wrongful termination, but it also does not discuss whether a claim for wrongful termination must go through the administrative process.  Accordingly, we are not persuaded that it compels us to affirm the district court's summary judgment.

8

and reinstatement are not available under section 948a because the employee cannot perform the duties of employment. *See* 33 U.S.C. § 948a. Under these circumstances, it would be prudent, although not required, to present a claim for wrongful termination along with a claim for total disability in the same administrative proceeding. These cases do not compel the conclusion that an administrative claim must be filed on a wrongful termination claim before seeking relief in a district court. We sustain LaCour's first issue.[4]

### IV. Compliance with 33 U.S.C. section 912

By his third issue, LaCour argues that the trial court erred by finding that he failed to comply with section 912(a), which provides:

> Notice of an injury or death in respect of which compensation is payable under this chapter shall be given within thirty days after the date of such injury or death, or thirty days after the employee or beneficiary is aware, or in the exercise of reasonable diligence or by reason of medical advice should have been aware, of a relationship between the injury or death and the employment, except that in the case of an occupational disease which does not immediately result in a disability or death, such notice shall be given within one year after the employee or claimant becomes aware, or in the exercise of reasonable diligence or by reason of medical advice should have been aware, of the relationship between the employment, the disease, and the death or disability. Notice shall be given (1) to the deputy commissioner in the compensation district in which the injury or death occurred, and (2) to the employer.

33 U.S.C.A. § 912(a). Lankford moved for traditional and no-evidence summary judgment on this ground, arguing that there is no evidence that LaCour sent it notice that he was pursuing a claim for wrongful termination and that he also failed to give notice to the deputy commissioner. *See id.*[5] We hold there is some evidence in the record that he provided

---

[4] By his second issue, LaCour argues that he complied with section 913(a), but we need not decide the issue because we hold that he was not required to comply. *See* TEX. R. APP. 47.1.

[5] Curiously, LaCour does not argue that this section does not apply to his claim although the same logic employed under section 913 would likely also apply to section 912.

9

sufficient and timely notice, and Lankford Company did not conclusively establish that LaCour did not send notice.

LaCour was injured on March 12, 2004 and was terminated on March 17, 2004. Assuming that section 912(a) applies to LaCour's claim and runs from the earlier date of his physical injury, he was required to send notice to Lankford Company and to the deputy commissioner by April 11, 2004. *See id.* On April 5, 2004, LaCour's attorney sent a letter to Jim Lankford stating that he had been retained to pursue a wrongful termination claim and that LaCour's claim "is pending before the US Department of Labor." Lankford submitted this letter as part of its summary judgment evidence. *See Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004) (holding that evidence submitted by movant for no-evidence summary judgment may be considered if it raises a fact issue). Lankford Company does not dispute that it timely received this letter. Thus, this is some evidence that LaCour timely sent notice to Lankford Company of his injury and of the fact that he was seeking reinstatement and backpay.

The analysis of LaCour's notice to the deputy commissioner is more complex. The record contains an LS-203 claim form from the United States Department of Labor filled out by Patrick LaCour and submitted on March 30, 2004, well before the April 11 deadline. This form is promulgated by the Department of Labor as the preferred method for filing a claim for compensation and is available on the department's website. *See* United States Department of Labor DLHWC Longshore Forms, *available at* http://www.dol.gov/esa/owcp/dlhwc/ls-203.pdf (last visited Dec. 10, 2008). The form describes LaCour's physical injury but does not mention his termination or any request for backpay or reinstatement—the form does not provide any place for this information to be

10

submitted.

Lankford Company does not dispute that LaCour "filed for and received compensation payments for this alleged injury." In other words, Lankford Company does not dispute that LaCour timely sent the LS-203 to the deputy commissioner. Lankford Company, however, argues that the notice provided to the deputy commissioner was insufficient because LaCour did not give the deputy commissioner notice of his claim for wrongful termination. We disagree that this was required by section 912.

Section 912 requires notice of an "injury" for which compensation[6] is available under the act. 33 U.S.C. § 912(a). As we outlined above, "injury" as defined by the act does not include wrongful termination. *See supra* Part III. Thus, the LS-203 form used by LaCour provided all the information required under the act. Lankford Company does not argue to this Court, nor did it argue below, that the department uses a different type of form for a wrongful termination claim. Accordingly, there is some evidence in the record that LaCour gave notice to both Lankford Company and to the deputy commissioner within 30 days as required by section 912, and this evidence raises a genuine issue of material fact. Accordingly, we sustain LaCour's third issue.

### V. Availability of Benefits under 33 U.S.C. section 948a

Finally, by his fourth issue, LaCour argues that the trial court erred by holding that he was not entitled to backpay and reinstatement because he can no longer fulfill the duties of his former employment. *See* 33 U.S.C. § 948a. Lankford Company did not move

---

[6] "Compensation" is defined as "the money allowance payable to an employee or to his dependents as provided for in this chapter, and includes funeral benefits provided therein." 33 U.S.C. § 902(12).

11

for no-evidence summary judgment on this ground. Rather, it moved for traditional summary judgment.

Section 948a provides:

It shall be unlawful for any employer or his duly authorized agent to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer, or because he has testified or is about to testify in a proceeding under this chapter. . . . Any employee so discriminated against shall be restored to his employment and shall be compensated by his employer for any loss of wages arising out of such discrimination: *Provided*, That if such employee shall cease to be qualified to perform the duties of his employment, he shall not be entitled to such restoration and compensation. . . .

33 U.S.C. § 948a. Lankford Company argues that the summary judgment evidence establishes that LaCour would not be able to operate heavy, pressurized equipment as required by his previous position, and that "LaCour himself acknowledged that there were no other positions that he knew of at Lankford that he would actually be able to perform."

We hold that it was Lankford Company's burden to conclusively prove, as an affirmative defense, that LaCour was no longer able to perform the duties of a job at Lankford, and LaCour's testimony is not conclusive proof.

Both parties concede that there are no cases construing section 948a's requirement that the employee be able to return to work. Applying other provisions under the Longshore and Harbor Workers' Compensation Act, however, courts have placed evidentiary burdens on the employer for a number of reasons.[7] First, the Longshore and

---

[7] *See, e.g., Ledet v. Phillips Petroleum Co.*, 163 F.3d 901, 905 (5th Cir. 1998) (holding that in a proceeding for disability benefits, the burden is placed on the employer to show that the employee is not entitled to a total disability determination because suitable alternative employment exists); *Geddes v. Benefits Review Bd. United States Dep't of Labor*, 735 F.2d 1412, 1417 (D.C. Cir. 1984) (holding that under section 948a, once the employee proves that the employer discriminated against him or her and that the

12

Harbor Workers' Compensation Act must be liberally construed in favor of the employee. *New Orleans (Gulfwide) Stevedores v. Turner*, 661 F.2d 1031, 1038 (5th Cir. 1981). Second, the Act specifically states that "[i]n any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary . . . [t]hat the claim comes within the provisions of this chapter." 33 U.S.C. § 920; *see Turner*, 661 F.2d at 1038. Finally, the employer is most likely to have the evidence necessary to make such a showing. *Geddes*, 735 F.2d at 1418.

The same considerations obtain here. Section 948a must be liberally construed, and a claim for compensation must be presumed to come within its provisions unless there is substantial evidence to the contrary. *See* 33 U.S.C. § 920; *Turner*, 661 F.2d at 1038. The employee should not have to bear the burden of knowledge about every position available at his former employer; rather, the employer has the best access to this information. *Geddes*, 735 F.2d at 1418. For all these reasons, we hold that the employer bears the burden to prove that the former employee is not entitled to reinstatement and backpay because he cannot perform the duties of employment.

Thus, Lankford Company had the summary judgment burden to conclusively establish its affirmative defense. *Rhone-Poulenc, Inc.*, 997 S.W.2d at 223; *see* TEX. R. CIV. P. 166a(b), (c). Lankford Company relies on portions of LaCour's deposition wherein LaCour was questioned about jobs at Lankford Company and the jobs' requirements. Lankford Company argues that LaCour admitted that there were no jobs that he could perform at Lankford Company. The evidence, however, is not as clear as Lankford

---

discrimination was motivated by animus, the burden shifts to the employer to present controverting evidence).

13

Company claims. Rather, the evidence demonstrates that LaCour did not have knowledge sufficient to state conclusively that there were no jobs at Lankford Company that he could perform. A witness's lack of knowledge of a fact does not conclusively prove that the fact does not exist. *See Llopa, Inc. v. Nagel,* 956 S.W.2d 82, 89 (Tex. App.–San Antonio 1997, writ denied).

First, LaCour was asked about the "types of workers that Lankford Company employed *while [LaCour]* was there." (Emphasis added). LaCour then proceeded to describe several positions at Lankford and admitted that he could not perform those positions because of his disability. However, this line of questioning did not inquire about the positions that were available on June 14, 2005 when LaCour returned to Lankford Company seeking employment. In fact, LaCour testified that he was not sure what jobs were available when he returned to Lankford Company seeking employment:

Q:     What other jobs did Lankford Company have at that time that you were aware of that—that the type of workers that—

A:     At what time?

Q:     When you were there talking to Mr. Lankford.

A:     I didn't know which jobs he had going on because he's got—he's got jobs going offshore, and he's got jobs down in the Valley. He's got jobs in Houston. He's got jobs here in Corpus Christi.

Second, Lankford points to testimony from LaCour that it claims is an admission that there was no job that he could have performed at Lankford. But when Lankford's counsel asked whether LaCour was *aware of* any jobs that existed, LaCour said he did not know:

Q:     What job could you have done for Lankford Company that was the type of job that you knew that they had, type of worker?

14

A:    None.

. . . .

Q:    What job could you have done for Lankford Company when you went to talk to Mr. Lankford on June 14th of 2005?

A:    None.

If it was true that no jobs were available that LaCour could perform, Lankford could have relied on a corporate representative to explain the different positions available, the job requirements, and whether LaCour could perform those requirements. Under the circumstances, Lankford Company's reliance on LaCour's testimony did not satisfy its burden to conclusively establish its affirmative defense. *See Llopa, Inc.,* 956 S.W.2d at 89. Accordingly, we sustain LaCour's fourth issue.

## VI.  Conclusion

We sustain LaCour's first, third, and fourth issues. We reverse the trial court's order granting summary judgment on LaCour's wrongful termination claim under section 948a and remand that claim for trial.

_____
GINA M. BENAVIDES,
Justice

Opinion delivered and filed this
the 15th day of January, 2009.